**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| **STANLEY ACUFF GARRETT,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | |
| | : | **CIVIL No: 1:14-CV-0155-WLS-TQL** |
| **WARDEN ALAN CARTER, et. al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER & RECOMMENDATION

Plaintiff Stanley Acuff Garrett, an inmate confined at Wheeler Correctional Facility in Alamo, Georgia, has filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983. Plaintiff also seeks to proceed in this action without pre-payment of the Court's filing fee. Based on his submissions, the Court finds that Plaintiff is currently unable to pre-pay any portion of the $350.00 fee. His Motion to Proceed *in forma pauperis* (Doc. 2) is thus **GRANTED**,[1] and he may proceed in this action without prepaying any portion of the filing fee. See 28 U.S.C. § 1915(b). This does not mean that the fee is waived, however. Plaintiff is still required to pay the full amount of the $350.00 filing fee using the installment payment plan described in 28 U.S.C. § 1915(b) and ordered herein.

Because no further action by Plaintiff is required, the undersigned has also now conducted a preliminary review of Plaintiff's Complaint, as required by 28 U.S.C. § 1915A(a), and finds that Plaintiff's allegations are sufficient to allow claims against Defendants Dr. John Doe, Nurse

---

1 A review of court records on the U.S. District Web PACER Docket Report indicates that Plaintiff currently has no strikes for the purposes of 28 U.S.C. § 1915(g).

Vickey Griffen,[2] Nurse Shores, Medical Administrator Hendrix, Deputy Warden Jefferson, and Deputy Warden Nobels to go forward for further factual development.   It is **RECOMMENDED**, however, that all other claims and parties, as discussed herein, be **DISMISSED**, under 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

## I.      Standard of Review, 28 U.S.C. § 1915A(a)

When conducting a preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true.   Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).   *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court.   Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).   However, a prisoner's pleading is still subject to dismissal prior to service if the court finds that the complaint –when viewed liberally and in the light most favorable to the plaintiff – is frivolous or malicious, seeks relief from an immune defendant, or fails to state a claim.   See 28 U.S.C. § 1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).   The allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." Id. at 555.   "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice."   Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).   To survive preliminary review, a complaint must allege facts sufficient to create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim.   See Twombly, 550 U.S. at 555-556.

---

2  The Docket of this case erroneously shows a defendant "Jane Doe."   The Complaint, however, identifies this defendant as "Nurse Vickey Griffen." The Clerk is thus **DIRECTED** to amend the Docket accordingly.

II.     **Plaintiff's Claims**

In this case, the Complaint alleges that Plaintiff was subjected to an unnecessary and excessively forceful body cavity search while confined at Autry State Prison.  Plaintiff alleges that Dr. John Doe ("the head physician . . . at Autry State Prison"), Medical Administrator Hendrix, and Nurse Shores assisted Nurse Vickey Griffen in conducting an invasive, painful, and sexually offensive search of his anal cavity.[3]  Compl. at 20-21, 25.   According to the Complaint, Deputy Wardens Jefferson and Nobles were also present at the time, but took no action to stop the unnecessary search for contraband. Id. at 21.   Plaintiff subsequently filed a grievance, and he was informed that the matter was referred to the Internal Investigations Unit on December 5, 2013, that his grievance was effectively closed, and that this decision was not appealable. See id. at 8. Plaintiff has apparently heard nothing further from the investigation and thus filed the present lawsuit against Dr. John Doe, Administrator Hendrix, Nurse Vickey Griffen, Nurse Shores, Deputy Warden Jefferson, Deputy Warden Nobles, and Warden Alan Carter for violations of his Eighth and Fourteenth Amendment rights.

A.  Fourth & Eighth Amendment Claims

Plaintiff's allegations, when liberally construed and read in his favor, are sufficient to allow Plaintiff to go forward with both Fourth[4] and Eighth Amendment claims against **Dr. John Doe**,[5] **Administrator Hendrix**, **Nurse Vickey Griffen** and **Nurse Shores**.  See Del Raine v.

---

3  Plaintiff also alleges that "Nurse Bell" assisted in the search, but he did not choose to name Nurse Bell as a defendant in this action.

4. Although Plaintiff's Complaint does not expressly refer to a Fourth Amendment claim, the Court is "obligated, as part of its screening protocol, to seek out and identify any and all cognizable claims of the plaintiff." O'Berry v. State Attny's Office, 241 Fed. App'x 654, 657 (11th Cir. 2007).   If Plaintiff does not wish to proceed with Fourth Amendment claims, he should notify the Court within **FOURTEEN (14) DAYS** of being served a copy of this Order.

5. Plaintiff's description of Dr. John Doe as the "head physician at . . . Autry State Prison" is sufficiently clear to allow this claim to go forward. See Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992). The name of this party can likely be uncovered during discovery.

Williford, 32 F.3d 1024, 1039 (7th Cir. 1994) ("A [digital rectal search of prison inmate] falls under both the constitutional protections of the Fourth Amendment and the Eighth Amendment); Tribble v. Gardner, 860 F.2d 321 (9th Cir. 1988) ("If the search were conducted for purposes unrelated to security considerations, not only would it violate the fourth amendment, ..., but also it may constitute cruel and unusual punishment under the eighth amendment.").   The undersigned also finds that Plaintiff's allegations are sufficient to support claims against **Deputy Warden Jefferson** and **Deputy Warden Nobles** for their alleged failure to intervene.   See Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir. 1986) ("If a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation . . .   takes place in his presence, the officer is directly liable under Section 1983.").   It is thus **ORDERED** that service be made on these 6 Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.   Defendants are also reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

Plaintiff should not, however, be permitted to go forward with any Fourth or Eighth Amendment claims against Warden Carter.   Nothing in the Complaint suggests that Carter was personally involved in the incident giving rise to this lawsuit.   Plaintiff's claims instead appear to be based on the fact that Warden Carter "is responsible" for the supervision of physicians and/or nurses at the prison, for inmate grievances, and for general inmate care and treatment.   See Compl. at 16-18.   Such allegations, even when viewed in Plaintiff's favor, fail to state a § 1983 claim.   "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

4

It is accordingly **RECOMMENDED** that any Fourth or Eighth Amendment claims asserted against **Warden Alan Carter** be **DISMISSED** for failure to state a claim.

B.  Fourteenth Amendment Claims

Plaintiff also attempts to bring claims under the Fourteenth Amendment for violations of due process and/or equal protection.   As for Plaintiff's due process claim, the undersigned assumes that, because Plaintiff is not complaining of the denial of any procedural process, he is attempting to state substantive due process claims.   A prisoner, however, may not bring a claim under the notion of substantive due process, when a constitutional amendment "provides an explicit textual source of constitutional protection against" that claim. Graham v. Connor, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).   Because Plaintiff was incarcerated at the time of all alleged events, the Eighth Amendment clearly provides a source of protection for his claims, and a Fourteenth Amendment due process claim is precluded. See id; see also, Longoria v. Texas, 473 F.3d 586, 593 n. 8 (5th Cir. 2006).

The undersigned also finds that the facts necessary to support an equal protection claim are not present in Plaintiff's Complaint.   The Complaint does not allege any fact suggesting that Plaintiff has received disparate treatment because of a constitutionally protected interest, such as race, gender, or religion.   See Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001).   Nor does he identify facts sufficient to state a possible "class of one" equal protection claim.   See Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1314 (11th Cir. 2006)).

Therefore, it is **RECOMMENDED** that Plaintiff's Fourteenth Amendment claims also be **DISMISSED**.

## CONCLUSION

Plaintiff's allegations are sufficient to allow claims against Defendants Dr. John Doe, Nurse Vickey Griffen, Nurse Shores, Medical Administrator Hendrix, Deputy Warden Jefferson, and Deputy Warden Nobles to go forward for further factual development, and it is **ORDERED** that service be made on these 6 Defendants.   It is **RECOMMENDED**, however, that all other claims and parties, as discussed herein, be **DISMISSED**, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.   Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen days after being served a copy of this Order. 28 U.S.C. § 636(b)(1).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is

represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff.   Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian.   Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.   This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further

discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00.   Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any

remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

**SO ORDERED,** this 24th day of October, 2014.

s/***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

jlr