IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| STANLEY ACUFF GARRETT, : | |
| : | |
| Plaintiff, : | |
| : | |
| v.  : | CASE NO.: 1:14-CV-155 (WLS) |
| : | |
| WARDEN ALAN CARTER, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

## ORDER

Presently pending before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff filed October 24, 2014. (Doc. 5.) Therein, Judge Langstaff recommends dismissing Plaintiff Stanley Acuff Garrett's Fourteenth Amendment claims, and claim against Defendant Carter. (*See id.* at 4-6.) Judge Langstaff recommends allowing Garrett's Fourth and Eighth Amendment claims against Defendants Doe, Hendrix, Griffen, and Shores, and failure to intervene claims against Defendants Jefferson and Nobles to proceed. (*See id.*) The Recommendation provided Garrett with fourteen days to file an objection. That time period elapsed on November 7, 2014, but Garrett filed an Objection on November 17, 2014. (Doc. 9.) Even with the benefit of Federal Rule of Civil Procedure 6(d), referred to as the mailbox rule, Garrett's Objection was untimely and is therefore **OVERRULED.**[1]

The Court agrees with Judge Langstaff's Recommendation to dismiss Defendant Carter. Supervisory liability exists under Section 1983 only where the official personally participated in the alleged constitutional deprivation, or some causal connection exists between the official and the alleged constitutional deprivation. *See Keating v. City of Miami*, 598 F.3d

---

[1] In Garrett's Objection, he states that he does not wish to proceed with his Fourteenth Amendment claims, requests the Court to "explain any need from Plaintiff" in this matter, and requests access to the law library, appointment of counsel, and other forms of relief. The Court cannot provide Garrett with legal advice, but he shall remain diligent in prosecuting his case going forward. Also, any requests for relief should be asserted by motion, not in an Objection to a Recommendation.

753, 764 (11th Cir. 2010) (citing *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003)). Also, the Court agrees with Judge Langstaff's Recommendation to dismiss Garrett's Fourteenth Amendment claims. *See Whitley v. Albers*, 475 U.S. 312, 327 (1986). In any event, Garrett has indicated his agreement that his Fourteenth Amendment claims should be dismissed. (*See* Doc. 9.)

Upon full review and consideration of the record, the Court finds that Judge Langstaff's Recommendation (Doc. 5) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made and conclusions reached herein.

**SO ORDERED**, this  12th  day of January 2015.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**